## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**SUSAN D. PARKER and
BENNY L. PARKER,**

<b>Plaintiffs,</b>

**v.**                                                    **Case No.**

**WELLS FARGO FINANCIAL WEST
VIRGINIA, INC., a corporation,**

<b>Defendant.</b>

### NOTICE OF REMOVAL

Defendant Wells Fargo Financial West Virginia, Inc. ("Wells Fargo"), by its counsel and pursuant to 28 U.S.C. §§ 1334(b), 1446 and 1452(a), hereby provides notice of removal of this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, and states as follows:

*Removal is Timely*

1.      On January 7, 2008, Plaintiffs Susan D. Parker and Benny L. Parker commenced a civil action in the Circuit Court of Kanawha County, West Virginia, captioned *Susan D. Parker and Benny L. Parker v. Wells Fargo Financial West Virginia, Inc.*, Civil Action No. 08-C-26, (the "Civil Action").

2.      Wells Fargo is the only defendant.

3.      The West Virginia Secretary of State's Office accepted service of the Summons and Complaint on behalf of Wells Fargo on January 8, 2008.  A certified copy of the docket

536786                                    1

sheet and a true and correct copy of the Summons and Complaint are attached as Exhibit A and are the only process, pleadings, and orders filed in the Civil Action.

4.      Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days of January 8, 2008, the date of service of plaintiffs' filed Complaint.

*The Civil Action is a Core Proceeding, Removable under 28 U.S.C. § 1452(a)*

5.      The Civil Action is removable under 28 U.S.C. § 1452(a), which provides, in pertinent part, that "[a] party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

6.      This court has jurisdiction of the claims in this case pursuant to 28 U.S.C. § 1334(b), which provides that "…the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the United States Bankruptcy Code], or arising in or related to cases under title 11."

7.      The Civil Action is a core proceeding:

a.      Plaintiffs filed for bankruptcy protection under Chapter 7 of Title 11 on March 30, 2005 ("Plaintiffs' Bankruptcy Case").  As the date of this removal, the Plaintiffs Bankruptcy Case remained opened,

b.      In their Complaint, Plaintiffs assert claims against Wells Fargo arising out of the origination of a loan that Plaintiffs obtained February 23, 2005, one month prior to the date of Plaintiff's filing for bankruptcy protection.  As such, the claims made in this litigation, although not properly scheduled in the Plaintiffs' Bankruptcy Case, are an asset of the Plaintiffs' bankruptcy estate.

c.      Plaintiffs' loan with Wells Fargo is secured by a first lien Deed of Trust against the Plaintiffs' residence at 705 Mayflower Drive, Charleston, West Virginia. By seeking to make the loan unenforceable, Plaintiffs are also seeking to have the Deed of Trust voided. According to Plaintiffs' bankruptcy Schedule A, this would leave a $123,500 asset available to the Plaintiffs' bankruptcy estate.

d.      Plaintiffs' did not claim as exempt (on Schedule C) their claims against Wells Fargo or their Residence. Moreover, they do not have available to them exemptions sufficient to cover the full value of the Residence and the claims against Wells Fargo as exempt property of the estate. Consequently, should Plaintiffs prevail in their claims against Wells Fargo, Plaintiffs would not be able to claim the recovery as exempt. Rather, the recovery would provide a valuable asset to the Plaintiffs' more than $150,000 in unsecured creditors.

e.      Plaintiffs indicate in their Schedule J that their current expenditures include a mortgage payment of $973. If Plaintiffs prevail in their claims against Wells Fargo, they will have made available $973 in monthly income that may more appropriately be paid to unsecured creditors in a Chapter 13 wage earning plan.

f.      In their bankruptcy case, Plaintiffs stated their intention was to "continue payments" with respect to their Wells Fargo loan. In fact, Plaintiffs have not made a monthly payment on their loan since September of 2007. The "continue payments" or "retain and pay" option is available only in those instances where the debtor is current and remains current in payments due on the secured debt. *See In re Belanger*, 962 F.2d 345, 347 (4 Cir. 1992) ("A debtor *who is not in default* may elect to retain the property and make the payments specified in the contract with the creditor.") (emphasis added)

8.     Core proceedings are those which "invoke a substantive right provided by title 11

. . ." *Barge v. Western Southern Life Ins. Co. et al.*, 307 B.R. 541, 544 (Bankr. S.D. W.Va. 2004)

(citations omitted). As illustrated above, Plaintiffs' claims, particularly if they prevail, invoke

the rights of their unsecured creditors, that is, their unsecured creditors' right to a distribution of

the Plaintiffs' non-exempt assets. Based upon Plaintiffs' Schedules, if Plaintiffs were to prevail

in their claims against Wells Fargo, they would either need to purchase the non-exempt portion

of their Residence or otherwise the Trustee would liquidate the Residence to make the proceeds

available for distribution to Plaintiffs' unsecured creditors. Plaintiffs' claims also invoke their

rights as debtors, at least to the extent that Plaintiffs' rights are limited in bankruptcy to what is

provided in the Bankruptcy Code. In other words, Plaintiffs should not be allowed to seek

voidance of a loan and Deed of Trust in the Civil Action in State Court when the property at

issue is property of their bankruptcy estate, without considering how the unencumbered

Residence would be administered in Plaintiffs' Bankruptcy Case.

9.     Plaintiffs' claims are also core because Plaintiffs seek to invalidate the Deed of

Trust that secures the Wells Fargo loan. *See In re Mid-Atlantic Resources Corp.*, 283 B.R. 176,

187 (S.D. W.Va. 2002) (Core proceeding under 11 U.S.C. § 157(b)(2)(K) includes

"determinations of the validity, extent, or priority of liens.") (citations omitted)

9.     True and correct copies of this Notice of Removal with accompanying exhibits

and Notice of Removal to Federal Court directed to the Circuit Court of Kanawha County, West

Virginia are being served upon Plaintiff's counsel and filed with the Clerk of the Kanawha

County Circuit Court (without exhibits), in accordance with the provisions of 28 U.S.C. §

1446(d). A copy of the Notice of Removal to Federal Court is attached hereto as Exhibit B.

11.     This Notice of Removal is filed by Wells Fargo Financial West Virginia, Inc., the sole defendant.  There are no other defendants for which consent to removal is required.

12.     This proceeding should be referred to the Bankruptcy Court for the U.S. District Court for the Southern District of West Virginia under the standing order of reference.

WHEREFORE, defendant Wells Fargo Financial West Virginia, Inc. files this Notice of Removal, to remove Civil Action No. 08-C-26, now pending in the Circuit Court of Kanawha County, West Virginia, to this Court for all further proceedings.

Respectfully submitted,

**WELLS FARGO FINANCIAL WEST VIRGINIA, INC.**

By Spilman Thomas & Battle, PLLC

/s/ Debra Lee Hovatter
Debra Lee Hovatter (W. Va. Bar # 9838)
Nicole L. Janes (W. Va. Bar # 10228)
150 Clay Street, 2nd Floor
P.O. Box 615
Morgantown, WV 26507-0615
phone (304) 291-7924
fax (304) 291-7979

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**SUSAN D. PARKER and**
**BENNY L. PARKER,**

       **Plaintiffs,**

**v.**                                     **Case No.**

**WELLS FARGO FINANCIAL WEST**
**VIRGINIA, INC., a corporation,**

       **Defendant.**

### CERTIFICATE OF SERVICE

I, Debra Lee Hovatter, counsel for defendant Wells Fargo Financial West Virginia, Inc.,

hereby certify that the foregoing **Notice of Removal** was served February 6, 2008 upon the

interested parties by e-mail via the Court's electronic filing system or by ordinary U.S. mail,

postage prepaid, upon:

                    Daniel F. Hedges, Esquire
                    8 Hale Street
                    Charleston, WV 25301
                    *Counsel for Plaintiffs*

                    Robert L. Johns
                    Turner & Johns, PLLC
                    216 Brooks Street, Suite 301
                    Charleston, WV  25301
                    *Chapter 7 Trustee*

                                      /s/ Debra Lee Hovatter
                                      Debra Lee Hovatter (WV Bar # 9838)