CASE 08-C-26  KANAWHA
SUSAN D. PARKER & BENNY L. PAR vs. WELLS FARGO FINANCIAL WEST VIR

| LINE | DATE | ACTION |
|---|---|---|
| 1 | 01/07/08 | # ISSUED SUM & 2 CPYS; F FEE; RCPT 424551; $145.00; CASE INFO |
| 2 |  | # SHEET; COMPLAINT |
| 3 | 01/18/08 | # LET FR SS DID 1/15/08; SUM W/RET (1/8/08 SS) AS TO WELLS |
| 4 |  | # FARGO FINANCIAL WV INC., W/RMR |



A TRUE COPY
TESTE
CIRCUIT COURT KANAWHA COUNTY CLERK

EXHIBIT A
1 of 11



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

BZS / ALL
Transmittal Number: 5535558
Date Processed: 01/11/2008

| | |
|---|---|
| Primary Contact: | Shannon Gausman<br>Wells Fargo Financial, Inc.<br>800 Walnut Street<br>Des Moines, IA 50309 |
| Entity: | Wells Fargo Financial West Virginia, Inc.<br>Entity ID Number  2195828 |
| Entity Served: | Wells Fargo Financial West Virginia, Inc. |
| Title of Action: | Susan D. Parker vs. Wells Fargo Financial West Virginia, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Circuit Court of Kanawha County, West Virginia |
| Case Number: | 08-C-26 |
| Jurisdiction Served: | West Virginia |
| Date Served on CSC: | 01/10/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | Secretary of State on  01/08/2008 |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Daniel F. Hedges<br>304-346-1054 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



EXHIBIT A
2 of 11

OFFICE OF THE SECRETARY OF STATE
STATE OF WEST VIRGINIA



**Betty Ireland**
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

Wells Fargo Financial West Virginia, Inc.
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

January 8, 2008

Civil Action: 08-C-26

I am enclosing:

| | |
|---|---|
| ____ summons | ____ original |
| ____ notice | ____ affidavit |
| ____ order | ____ answer |
| ____ petition | ____ cross-claim |
| ____ motion | ____ counterclaim |
| ____ interrogatories | ____ request |
| ____ suggestions | ____ certified return receipt |
| ____ subpoena duces tecum | ____ request for production |
| __1__ summons and complaint | ____ request for admissions |
| ____ summons returned from post office | ____ no return from post office |
| ____ summons and amended complaint | ____ notice of mechanic's lien |
| ____ 3rd party summons and complaint | ____ suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

EXHIBIT A
3 of 11

# SUMMONS

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

SUSAN D. PARKER and
BENNY L. PARKER,

    Plaintiffs,

vs.   Civil Action No. 08-C- 26

WELLS FARGO FINANCIAL WEST
VIRGINIA, INC., a corporation,

    Defendant.

To the above-named Defendant:   WELLS FARGO FINANCIAL WEST VIRGINIA, INC.
301 RHL BLVD., Suite 2
Charleston, WV 25309

**IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon **DANIEL F. HEDGES**, Plaintiff's attorney, whose address is **8 Hale Street, Charleston, West Virginia 25301**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within ___30___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: Jan 8, 2008

_____
Clerk of Court

EXHIBIT A
4 of 11

FILED

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2008 JAN -7 AM 11:06

SUSAN D. PARKER and
BENNY L. PARKER,

UST copy
CATHY S. GATSON, CLERK
KANAWHA CO. CIRCUIT COURT

Plaintiffs,

vs.                                          Civil Action No. 08-C-

WELLS FARGO FINANCIAL WEST
VIRGINIA, INC., a corporation,

Defendant.

## COMPLAINT

1.     This action arises out of the practice known as predatory lending, whereby a regulated lender and appraisers solicit unsophisticated borrowers and fraudulently persuade them into unwise and illegal home equity loans.

2.     The Plaintiffs are residents of Kanawha County, West Virginia, and the damages accrued to them in said County.

3.     Defendant Wells Fargo Financial West Virginia, Inc. ("Wells Fargo") is a West Virginia corporation with its doing business principal place of business at 302 R.H.L. Blvd. 2, Charleston, West Virginia 25309.

## STATEMENT OF FACTS

4.     The Plaintiff Susan Parker had a personal loan of approximately $1,200.00 with the Defendant and in or about December, 2004, requested an additional $1,000.00 for certain personal expenses.

5.     (a)     In response, the Defendant suggested that the Plaintiff refinance her home to get cash for those expenses due. The Plaintiff responded she did not



EXHIBIT A

5 of 11

believe that she had the equity to do so. The Defendant's response was "let me drive by your house and see."

(b) The Defendant's loan officer later called the Plaintiff, Susan Parker and told the Plaintiff that she could make the loan and she was going to do the paper work and get it approved.

6. (a) In or about January 28, 2005, the Plaintiff Susan Parker was refinanced by the Defendant at $129,273.

(b) The Plaintiffs were induced into an ARM out of a fixed rate loan three months earlier with the representation they could get cash out for personal bills and refinance within three years. In fact, because of the inflated appraisal, they cannot refinance and are locked into an escalating payment.

(c) In order to make the loan, Wells Fargo arranged for an appraisal by one of its regular appraisers (Biederman out of Kentucky) who was depended upon by the Defendant for inflated appraisals.

(d) The Plaintiffs asked for a copy of the appraisal on more than one occasion and were put off.

(e) The Defendant originated a loan, based upon a market value of One Hundred Twenty-Nine Thousand Five Hundred Dollars ($129,500.00).

(f) In fact the total market value was approximately One Hundred Eight Thousand Dollars ($108,000), which would not have permitted the loan origination and Plaintiffs could have pursued the $1,000 she requested.

2


EXHIBIT A
10 of 11

7.  (a)  The loan was closed at 10:30 p.m. at the office of Defendant without anyone else present, and without any opportunity to ask questions or understand many aspects of the loan.

(b)  Once the loan was closed, Plaintiffs found out that the cash out promised was not forthcoming. As a result, Plaintiffs had to file bankruptcy the next month. The Plaintiffs were informed that it was an adjustable loan, but they could refinance prior to the three-year adjustment and keep the payment from increasing.

(c)  Once the time had passed, the Plaintiffs attempted to refinance and were refused.

## COUNT I – PREDATORY LENDING

8.  The Plaintiffs incorporate the preceding paragraphs by reference.

9.  The Defendant Wells Fargo willfully solicited and made home equity loans in excess of the market value of the home, in violation of West Virginia Code § 46A-4-109(5)(F).

WHEREFORE, Plaintiffs respectfully pray for the following relief:

(a)  The Court declare the loan unenforceable pursuant to West Virginia Code §46A-5-101(2), and return payments made;

(b)  Civil penalty of Four Thousand Dollars ($4,000) pursuant to West Virginia Code §§ 46A-5-101(1) & 106, plus actual damages.

(c)  Reasonable attorneys fees and the cost of this litigation; and,

(d)  Such other relief as may be equitable and just.

## COUNT II – UNCONSCIONABLE CONTRACT

10.  The Plaintiffs incorporate the preceding paragraphs by reference.



EXHIBIT A

7 of 11

3

11. The Defendant has engaged in a pattern of home equity skimming and predatory lending practices to make unfair loans in order to transfer the home equity from borrowers to the Defendant.

12. The loan issued by the Defendant left the Plaintiffs worse off than they were with their existing home financing, and put them in jeopardy of losing their home.

13. The loan agreement contained the following unfair terms, which constituted an unfair surprise to the Plaintiff:

    (a) Escalating fees and costs;

    (b) Excessive loan to value; and

    (c) Other excessive charges.

14. The loan agreement between the Plaintiffs and the Defendant were unconscionable, under all circumstances alleged, at the time it was made and/or was induced by unconscionable conduct, and therefore was unenforceable under West Virginia Code § 46A-2-121.

WHEREFORE, the Plaintiffs respectfully pray for the following relief:

(a) Actual damages for amounts paid and amount due under the contract;

(b) The Court award appropriate equitable relief;

(c) A civil penalty of Four Thousand Dollars ($4,000) pursuant to West Virginia Code §§ 46A-5-101(1) & 106;

(c) The Court declare that improvident lending, *i.e.*, the extension of loans to vulnerable consumers without due regard to ability to pay is unconscionable under West Virginia Code § 46A-2-121;

(d) Reasonable attorney fees and the cost of this litigation; and


EXHIBIT A
8 of 11

(e)  Such other relief as the Court may deem equitable and just.

## COUNT III – FRAUDULENT APPRAISAL

15.  The Plaintiffs incorporate the preceding paragraphs by reference.

16.  The Defendant obtained and relied on an appraisal indicated that the market value of the property was at or over One Hundred Twenty-Nine Thousand Dollars ($129,000). The appraisal was fraudulently obtained.

17.  In fact, the market value of the property was more than Twenty Thousand Dollars ($20,000) less.

18.  The Defendant intentionally employed an appraiser to misrepresent the market value of the Plaintiffs' property for the purpose of inducing the Plaintiffs into the contract.

19.  The Defendant's origination of the loan based upon inflated appraisal was intentional and material.

20.  The Plaintiffs reasonably relied upon the defendant following commercially acceptable loan origination practices when entering into the loan agreement.

21.  The Plaintiffs have been damaged by the Defendant's conduct.

WHEREFORE, the Plaintiffs respectfully pray for the following relief:

(a)  The Court declare the contract void and unenforceable;

(b)  Restitution and other appropriate equitable relief;

(c)  Actual and punitive damages, for the Defendant's unlawful acts as alleged;

(d)  Reasonable attorney's fees and cost of this litigation; and

(e)  Such other and further relief as the Court may deem equitable and just.


EXHIBIT A
9 of 11

Case 2:08-cv-00085   Document 1-1   Filed 02/06/08   Page 10 of 14

## COUNT IV – FRAUD

22. The Plaintiffs incorporate the preceding paragraphs by reference.

23. The Defendant represented they could get cash out and refinance after two years. The Defendant represented that they could refinance into a fixed rate prior to the adjustment to keep the payment from increasing.

24. These were intentional misrepresentations in order to induce the Plaintiffs into contract.

25. The Plaintiffs reasonably relied on the representations and were induced to contract.

26. The Plaintiffs have been damaged by the Defendant's conduct.

WHEREFORE, the Plaintiffs respectfully pray for the following relief:

(a) The Court declare the contract void and unenforceable;

(b) Restitution and other appropriate equitable relief;

(c) Actual and punitive damages, for the Defendant's unlawful acts as alleged;

(d) Reasonable attorney's fees and cost of this litigation; and

(e) Such other and further relief as the Court may deem equitable and just.

**THE PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

SUSAN D. PARKER AND
BENNY L. PARKER
BY COUNSEL

Daniel F. Hedges, Esquire (WVSB#1660)
Counsel for Plaintiffs
8 Hale Street
Charleston, West Virginia 25301
(304)346-1054

6


EXHIBIT A
10 of 11



**OFFICE OF THE SECRETARY OF STATE**
Building 1, Suite 157-K
1900 Kanawha Boulevard East
Charleston, West Virginia 25305

☑ *VOTING IS POWERFUL*

7160 3901 9845 0902 3542

RETURN RECEIPT REQUESTED

08-C-26
Wells Fargo Financial West Virginia, Inc.
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

$05.77⁰  JAN 09 2008
0004252409
MAILED FROM ZIPCODE 25305

RETURN RECEIPT REQUESTED
USPS MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service


EXHIBIT A
11 of 11



## SPILMAN THOMAS & BATTLE, PLLC
ATTORNEYS AT LAW

Debra Lee Hovatter
304.291.7935
FAX 304.291.7979
dhovatter@spilmanlaw.com

February 6, 2008

Cathy Gatson, Clerk
Circuit Court of Kanawha County
111 Court Street
Charleston, West Virginia 25301

    Re:   *Susan D. Parker and Benny L. Parker v. Wells Fargo West Virginia, Inc.*
           Civil Action No. 08-C-26
           Circuit Court of Kanawha County, West Virginia

Dear Clerk Gatson:

Enclosed for filing please find the original **Notice of Removal to Federal Court** and **Certificate of Service** for the same in the above-referenced matter.

Thank you for your assistance in this matter.

Sincerely,

*Debra Lee Hovatter*

Debra Lee Hovatter, Esquire

DLH:mdh
Enclosure

cc/enc:    Daniel F. Hedges, Esq.



EXHIBIT B
1 of 3

150 Clay Street | Second Floor | Post Office Box 615 | Morgantown, West Virginia 26507-0615
www.spilmanlaw.com | 304.291.7920 | 304.291.7979 fax

507721      West Virginia      North Carolina      Pennsylvania      Virginia

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

SUSAN D. PARKER and
BENNY L. PARKER,

          Plaintiffs,

v.                                           Civil Action No. 08-C-26

**WELLS FARGO FINANCIAL WEST VIRGINIA, INC., a corporation,**

          Defendant.

### NOTICE OF REMOVAL TO FEDERAL COURT

Defendant Wells Fargo Financial West Virginia, Inc. ("Defendant"), by its counsel, has filed its Notice of Removal of this action with the Clerk of the United States District Court for the Southern District of West Virginia, and hereby notifies this Court of the removal of this action. Pursuant to 28 U.S.C. § 1446(d), a copy of Defendant's Notice of Removal, without exhibits, is attached hereto as Exhibit 1.

                                                   Respectfully submitted,

                                                   **WELLS FARGO FINANCIAL WEST VIRGINIA, INC.**

                                                   By Spilman Thomas & Battle, PLLC

                                                 */s/ Debra Lee Hovatter*

                                                 Debra Lee Hovatter (W. Va. Bar # 9838)
                                                 Nicole L. Janes (W. Va. Bar # 10228)
                                                 150 Clay Street, 2nd Floor
                                                 P.O. Box 615
                                                 Morgantown, WV 26507-0615
                                                 phone (304) 291-7924
                                                 fax (304) 291-7979

EXHIBIT B
2 of 3

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**SUSAN D. PARKER and**
**BENNY L. PARKER,**

        Plaintiffs,

v.                                              Civil Action No. 08-C-26

**WELLS FARGO FINANCIAL WEST**
**VIRGINIA, INC., a corporation,**

        Defendant.

## CERTIFICATE OF SERVICE

I, Nicole L. Janes, counsel for Wells Fargo Financial West Virginia, Inc., hereby certify that the foregoing **"Notice of Removal to Federal Court"** was served upon the following by placing a true and correct copy thereof in the United States Mail, postage prepaid, on February 6, 2008, addressed as follows:

        Daniel F. Hedges, Esquire
        8 Hale Street
        Charleston, WV 25301
        *Counsel for Plaintiffs*

                                      /s/ Debra Lee Hovatter
                                      Debra Lee Hovatter (WV State Bar # 9838)


EXHIBIT B
3 of 3

537365                                     2